We'll move to our fourth case this morning, United States v. Anthony Moneyham. Ms. Sostok. Good morning. Good morning. May it please the Court, Aaron Sostok for Defendant Appellant Anthony Moneyham. This case is the appeal from Mr. Moneyham's sentencing following the revocation of his, violation of his supervised release. And we are appealing just a very discreet issue in his sentence. The issue we're appealing here is that the District Court's oral pronouncement and the written judgment regarding his sex offender treatment provision and the supervised release were in conflict and thus they need to be, the written judgment needs to be vacated or sent back for reconsideration. Specific... Counsel, I have a question for you that you may deem left field as in the last case, but why does the oral pronouncement control over the writing when supervised release is being revoked? Well, here the, I mean the judgment was to impose a sentence on Mr. Moneyham and my understanding is that in any judgment the oral pronouncement controls over the written. Why? Why? Because it... That's a doctrine dealing with sentencing in the original case. We're here dealing with revocation of supervised release. And what the supervised release statute says is that the term has to be imposed in writing. That's 18 U.S.C. 3583 F. That seems to say that it's the writing that matters when supervised release is being revoked. There's no discussion in the briefs of 3583 F. And that worries me. Yeah, I agree that was not briefed. But I would say because there was an oral pronouncement, I'm not aware of a situation where the oral pronouncement doesn't control over the written judgment. Where does that rule come from as applied to supervised release? I... You see, I worry, you could tell from the previous case, I worry about things that happen when the lawyers don't contest a foundational issue. The Court of Appeals issues an opinion and it then gets cited the next time as having established some proposition that the lawyers never dealt with, never contested. Well, here's what I would say is that although this does include a condition of supervised release, we are still appealing a portion of the sentence. And the law that I am aware of... It was something imposed on the revocation of supervised release. It's not a separate sentence for crime. If it were, we would be having double jeopardy problems, right? The rationale for this is that the judge is deciding how much of the original sentence is to be served. There was also, though, a finding of guilt, and then a new sentence was imposed on Mr. Moneyham at this revocation hearing. So that is where I... That's why I'm relying on the normal presumption that the oral pronouncement controls. And I will also say that the case that the government... provided to Mr. Moneyham before the hearing, was that different than the written judgment? The only written statement provided to Mr. Moneyham before was that he should complete a sex offender treatment evaluation. He was not ordered to actually comply with the treatment just to be evaluated, which I believe is a difference from what was in the written pronouncement, which said that he must comply with... No, no, no. I'm talking about the written statements that were provided to Mr. Moneyham by the probation officer prior to the revocation hearing. That is the only... There was only one statement in those written... Conditions. Yeah, conditions. There was no actual additional PSI, full PSI, done prior to the sentencing. So there was literally just one sentence referring to sex offender treatment, and it was that he should be evaluated for it, which is not consistent with what was in the written judgment, nor was it consistent with what was in the oral pronouncement, which spoke about understanding why he was caught up in these incidents, that he was caught up in the jail. So the difference was mainly between the scope of the treatment and, contrary to what the government did try to argue, the written judgment did not give more specificity as to what was going... What the sex offender treatment was. It actually added additional conditions, which were of physiological testing and mandatory use of any prescribed medications, neither of which Mr. Moneyham had any opportunity to object to or be advised of prior to the actual sentencing hearing. And that also is related to the issue of waiver, that the government tried to say that Mr. Moneyham had waived this issue by not raising it in the trial court, and I will just address that briefly, and that Mr. Moneyham's only argument on appeal is that the written judgment, the written and oral pronouncement do not comport with one another, and therefore that is not something that he could have preserved in the trial court because the written judgment had not been entered yet. There was no opportunity for him to object to that. So for those reasons, we're going to ask that this court either vacate the written portion of the judgment which imposes those two additional conditions or alternatively remand this case back to the district court to correct the issue and make sure that the judgments are in agreement. Thank you. Thank you. Mr. Kerwin. Good morning. You may please the court. Brian Kerwin for the United States. Judge Easterbrook, I'll start with your question, and I take your point, and I think it dovetails and virtually mirrors our waiver argument here, and our overarching point that we tried to bring across in the brief is that the oral condition here was the written condition. Contrary to counsel's response to Judge Pryor's question, and I believe this is at docket 75, probation's violation report attached a set of conditions that it recommended that Judge Coleman impose, and at the hearing, starting on page 24, Judge Coleman began imposing each of those conditions with one exception, and that was condition number two in the special conditions section. She used shorthand sort of paraphrase reference to each of the conditions that probation had provided in writing, and she was not imposing oral conditions or in any way modifying the conditions that were set forth. She was simply providing the defendant either a reason or, you know, a directive to look at the writing in front of him. She uses that phrase specifically on page 24 of the transcript. At page 26 of the transcript, she starts reading the mandatory conditions. She references the discretionary conditions one by one, beginning on page 28. She does the same things for the special conditions, including special condition nine. That's at issue here, beginning on page 31. You know, Judge, I will confess that I hadn't thought about whether there would be a due process or a notice problem if she had actually imposed new conditions at the hearing and then contradicted those in writing. I intuitively think that that probably would present a viable argument. What would due process have to do with this? Judge, maybe this is too generous to defendants' rights, but I think if a defendant came to a sentencing on a supervised release violation and the court told him to follow certain conditions and those were contradicted in writing, you would have something that could have been reconciled. Under the statute, 3583F, the writing controls, not any oral statement. Now, are you suggesting there might be a constitutional problem in the statute? It's a very strange argument for the lawyer for the United States to make. I'm confessing that my intuitive reaction to your question initially would have been in that counterfactual where the oral conditions were contradicted by what the judge then imposed in writing. The defendant may have a colorable claim. That's not what we have here. Why? It happens in civil cases all the time. The judge says things in open court and then he or she enters a judgment and it's the written judgment that controls. Perhaps you're right, Your Honor, and 3583F says that all of these cases that the parties have cited in the briefs concerning sentencing and notice and things of that nature just don't apply at supervised release. No, look, I know you haven't done the research on this, but back in the 19th century, before there were such things as pre-sentence reports, the justices of the Supreme Court were worried that the judge would say enough at sentencing that the defendants would know what it is they had to tackle or contest. Whether that's true in a world with elaborate written reports from the probation office, one may doubt, but my question was whether this old, very old common law rule had been extended to the revocation of supervised release, and obviously neither side has thought about that. The government has, Your Honor, but I'll just come back to my original point, which is that here the written judgment can't conflict with the oral judgment because they're one and the same. The judge was not imposing oral conditions. It was orally imposing the written conditions that the defendant had in front of him. The transcript makes that plain, and so there is no inconsistency, and even if there were, it would not be one that would mandate any reversal because at most the written condition provides more specificity than the oral pronouncement did. So unless the panel has any other questions for the government, I'll ask that the court affirm the judgment and sentence of the district court. Thank you. Ms. Ostock, anything further? Actually, I have nothing further after reviewing my notes. Thank you.  Thank you very much. Our thanks to both counsel. The case is taken under advisement.